UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-22112-KMM

CARLOS BRITO,

    Plaintiff,

vs.

SARRIO HOLDINGS IV, INC., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
<u>PLAINTIFF'S VERIFIED APPLICATION FOR REASONABLE ATTORNEY'S FEES,
EXPERT FEES, AND COSTS</u>**

This cause came before the Court upon Plaintiff Carlos Brito's[1] Verified Application for Reasonable Attorney's Fees, Costs, and Expert Fees (ECF Nos. 29). The Honorable K. Michael Moore, United States District Judge, referred this case to the undersigned United States Magistrate Judge for submission of a Report and Recommendation on the Motion, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. Having carefully reviewed Plaintiff's filings, the record, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion be **GRANTED in part**, for the reasons set forth below.

---

[1] The first sentence of Plaintiff's motion incorrectly refers to the plaintiff in this action as "Doug Longhini" (ECF No. 29). This appears to refer to a plaintiff in a different case, thus the Court disregards that reference.

1

I. **BACKGROUND**

On June 7, 2021, Plaintiff filed a Complaint against Defendants Sarria Holdings IV, Inc. ("Sarria Holdings"), Presidente Supermarket No. 44 Inc. ("Presidente Supermarket"), and Helados (collectively, "Defendants") alleging that Defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.* and seeking a declaration, injunctive relief, attorney's fees, expert fees, and costs. *See generally* Complaint (ECF No. 1).

On June 9, 2021, Plaintiff served Defendant Presidente Supermarket with a copy of the Summons and Complaint, and on June 15, 2021, Plaintiff served Defendant Helados with a copy of the Summons and Complaint (ECF Nos. 6, 9). Defendant Presidente Supermarket filed its Answer and Affirmative Defenses on July 21, 2021 (ECF No. 12). Plaintiff filed a notice of settlement as to Defendant Presidente Supermarket, (ECF No. 23), and Defendant Presidente Supermarket was dismissed from this action on September 21, 2021 pursuant to a joint stipulation of dismissal (ECF No. 27). In addition, Plaintiff voluntarily dismissed Count II of the Complaint against Defendant Sarria Holdings in his September 21, 2021 stipulation of dismissal (*Id.* at 1). Defendant Sarria Holdings has not appeared in this action or otherwise defended the suit; notwithstanding, Plaintiff filed a notice of settlement as to Defendant Sarria Holdings (ECF No. 18).

To date, Defendant Helados has not responded to the Complaint, appeared in the action, or otherwise defended the suit. On August 17, 2021, the Clerk of Court entered Default as to Defendant Helados. *See* Clerk's Entry of Default (ECF No. 15). On September 29, 2021, Plaintiff filed a Motion for Entry of Default Judgment against Defendant Helados (ECF No. 29). On October 22, 2021, the Court entered a Final Default Judgment (ECF No. 34) in Plaintiff's favor. Plaintiff now seeks to recover costs and attorneys' fees pursuant to 42 U.S.C. § 12205.

Plaintiff seeks attorney's fees in the amount of $6,150.00. This amount includes fees incurred by Plaintiff's attorney, Anthony J. Perez, for 13.20 hours of work at a requested rate of $450.00 per hour, totaling $5,940.00. Plaintiff's attorney also seeks to recover for work undertaken by one of his paralegals, Deanette Peraza. Plaintiff states his paralegal spent 1.40 hours on this matter at a requested rate of $150.00, totaling $210.00. Finally, Plaintiff seeks to recover fees incurred by his expert in the amount of $2,787.50 and costs in the amount of $442.00. Plaintiff alleges that he is entitled to attorney's fees, expert fees, and costs pursuant to 42 U.S.C. § 12205, which provides this Court with the authority to grant attorney's fees, costs and litigation expenses to the prevailing party in an action under the Americans with Disabilities Act.

## II.     ANALYSIS

Under 42 U.S.C. § 12205, the Court has discretion to award a prevailing party in an ADA case "a reasonable attorney's fee, including litigation expenses, and costs." A "prevailing party" is one that "receive[s] at least some relief on the merits of his claim[.]" *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-04 (2001). Under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), a prevailing party "should ordinarily be awarded attorney's fees in all but special circumstances." *See also Bruce v. City of Gainesville*, 177 F.3d 949, 9521-52 (11th Cir. 1999). The Court finds that Plaintiff is a prevailing party and is entitled to an award of reasonable attorney's fees, expert fees, and costs.

### A.     Attorney's Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended on the litigation by counsel.

*See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299; *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). That burden includes submitting "specific and detailed evidence" from which the court can determine the reasonably hourly rate as well as billing records that reflect the time spent on different claims, and "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* (quoting *Norman*, 836 F.2d at 1303); *see also* S.D. Fla. Local Rule 7.3(a).

Notably, courts are not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. However, a court reviewing a fees application need not become a "green-eyeshade accountant[]." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, the essential goal for a court is to "do rough justice, not to achieve auditing perfection." *Id.* In addition, the Court should not be viewed as a tool to target individuals or entities for monetary or ill-conceived purposes. Rather, the Court is a vehicle to ensure "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

   1. **Reasonable Hourly Rate**

A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." *Norman,* 836 F.2d at 1299. Under a fee-shifting statute, a prevailing plaintiff is only entitled to have the losing party pay for an attorney with reasonable expertise at the prevailing market rate, not for the most experienced attorney. *See Barnes*, 168 F.3d at 437. The relevant legal community for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is filed." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299. However, as the Court is itself deemed an expert on the issue, it "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (citation omitted).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated *in Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

Plaintiff's counsel asks for an award of $6,150.00 in attorney's fees at a rate of $450.00 an hour. The Court finds Plaintiff's requested rate of $450.00 to be excessive.

First, Plaintiff contends that attorneys of similar skill and experience have been awarded an hourly rate of $450.00, including himself, in cases within this District since 2014. *See* (ECF

No. 29 at 9). Recognizing that a reasonable hourly rate may fall within a range as low as $350.00, Plaintiff argues that his work warrants a higher rate of $450.00 on the basis that "this case posed some unique issues because of the contentious posture taken by the Defendant throughout this case" (*Id.*). This is an odd representation, considering that the Defendant, Helados Del Tropico, never appeared in this action or otherwise defended the suit (ECF No. 34 at 2)—hence the entry of default judgment—and no further explanation is provided to support Plaintiff's representation that any contentious posture was taken.

As Plaintiff recognized, in determining what is a reasonable hourly rate, a court is to consider "awards in similar cases." *Bivens*, 548 F.3d 1350. Contrary to Plaintiff's contention, a court in this district recently reduced Attorney Perez's hourly rate to $350 in a similar ADA case where the requested rate was $450.00 and the work incurred related solely to an entry of default judgment. *See, e.g.*, *Munoz v. Calle*, No. 21-20448-CIV, 2021 WL 1700405, at *2 (S.D. Fla. Apr. 29, 2021) (listing similar ADA cases in which courts awarded attorney's fee rates lower than $450.00 per hour).

The undersigned's review of the Florida Bar website confirms that attorney Anthony J. Perez graduated from University of Miami Law School in 2001, and has been practicing law for 20 years. [2] In his provided resume (ECF No. 29-1), attorney Perez noted that he has conducted "all phases of trial work" relating to ADA cases, and that he has regularly provided expert testimony on the reasonableness of attorney's fees and litigation costs since 2003 (*Id.*).

---

[2] *See* State Bar of Florida, Member Profile of Anthony Joseph Perez, https://www.floridabar.org/directories/find-mbr/profile/?num=535451 (last visited February 4, 2022). In addition, the undersigned's review of the Garcia-Menocal & Perez, P.L. website confirms that Attorney Perez is an attorney at Garcia-Menocal & Perez, P.L. and is a member of the Florida Bar. *See* Garcia-Menocal & Perez, P.L., Profile of Anthony J. Perez, Esq., https://lawgmp.com/about-us/anthony-j-perez/ (last visited February 4, 2022).

As other Courts have noted when awarding similar fees, "[t]his was a straightforward ADA action in which [the defendant] failed to respond to the lawsuit and a default judgment was entered" and therefore this matter did not require particular expertise or skill. *Cohan v. SNJ Petroleum, Inc.*, No. 19-81077-Civ, 2020 WL 1844203, at *3 (S.D. Fla. March 10, 2020) (Matthewman, Mag., J.), *report and recommendation adopted*. Here, Plaintiff's attorney avers that his firm has "developed forms and procedures aimed at reducing the number of hours incurred at and throughout the handling of the case," (ECF No. 29 at 9), and indeed, the use of standard forms from prior cases is apparent from, for example, the inclusion of the wrong plaintiff's name in both the instant Motion (ECF No. 29) and the accompanying Affidavit in Support of Motion for Entry of Default (ECF No. 29-2). Ultimately, the Court finds that a rate of $350.00 in this case is a reasonable hourly rate for the work incurred by Plaintiff's attorney.

### i. Number of Hours Reasonably Expended

Next, the Court must determine the number of hours reasonably expended on behalf of Plaintiff on the prevailing claims. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). When fee applicants fail to exercise billing judgment, the court is obligated to do it for them. *Id.* Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

7

Plaintiff's Motion represents that Attorney Perez billed 14.80 hours in prosecuting this case; the Motion also states that Plaintiff seeks to tax 13.20 hours. Inspection of his time sheets reveal that 13.20 hours is the total amount billed by the attorney, not 14.80. A close comparison of the time entries against the docket reveals that even 13.20 hours billed in this case vastly exceeds the time *reasonably* incurred. For example, Attorney Perez billed almost a full hour to drafting a "Joint" motion for extension of time to file the joint scheduling report. The 2-page motion (ECF No. 14) is riddled with errors and inaccuracies, including that it was joined by defendants, including Defendant Helados Del Tropico—who, again, never appeared. Plaintiff's own certificate of good faith conferral in the same motion (ECF No. 14 at 4) indicates that Defendant Healdos Del Tropico was not consulted on the motion. Attorney Perez billed *thirty minutes* to "receive and review" the two-line entry of default by the clerk, (ECF No. 15); a day later, he billed another thirty minutes to receive and review the Court's Paperless Notice of Court Practice upon entry of default (ECF No. 17). Even where counsel's time entries memorialize time incurred in the preparation of pleadings, the undersigned questions the reasonableness of the time billed. Specifically, counsel billed 1.20 and 1.50 hours, respectively, for drafting a motion for entry of default (ECF No. 13) and a motion for default final judgment (ECF No. 29). In a vacuum, these are not significant amounts of time but seem excessive considering the resulting filings: a 2-page motion for entry of default, and a motion for default judgment that is a nearly verbatim copy of the analogous motion in *Munoz*. *Compare* ECF No. 29 *with* ECF No. 14 in *Munoz v. Calle*, No. 21-20448-CIV.

Finally, I note that Attorney Perez billed more than an hour of his time meeting and conferring with expert "Charles Childers." This is not expert on whom Plaintiff relied in this case; his Motion is supported by an affidavit by Pablo Baez. Perhaps this is a typo; perhaps it is

explainable, though no explanation is offered. In addition, it bears noting here that Mr. Baez's invoices submitted in support of his expert fees *do not* memorialize any meetings or conferences on the dates attorney Perez bills for such meetings, further calling into question whether there was time incurred *in this case* by attorney Perez meeting with an expert on the dates billed.

If a court finds that hours billed by an attorney are excessive or unnecessary, it may reduce the number of hours in calculating the fee award. *Bivins*, 548 F.3d at 1350 (citation omitted). Based upon all relevant factors, legal principles and a careful review of Plaintiff's motion (ECF No. 29) and counsel's billing entries (ECF No. 29-3), the Court has considered a range of permissible options. While in *Munoz*, Judge Scola applied an across-the-board reduction of 20% of all time billed, *see Munoz*, 2021 WL 1700405, at *2; Plaintiff's counsel's failure to use billing judgment in this case is glaring and permeates the time entries. Accordingly, I recommend a 50% reduction in the hours claimed by Plaintiff's counsel to account for the billing deficiencies discussed above, for a total of 6.60 hours.

### B.    Paralegal Costs

The Plaintiff also requests fees for work incurred by paralegals who worked on this matter. However, work that is clerical or secretarial in nature such as scheduling or filing is not recoverable. *Id.* Additionally, "[a] court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza*, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *4 (S.D. Fla. Mar. 15, 2016), *report and recommendation approved*, No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), aff'd, 676 Fed.Appx. 846 (11th Cir. 2017). Clerical or secretarial tasks that require no legal skill or training, such as

scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time secretary. *Baby Marathon*, 2020 WL 6731041, at *2 (citing *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *3).

In this case, Plaintiff requests fees, on behalf of his paralegal, for e-filing, calendaring deadlines, and emailing the summons to the process server—all unrecoverable tasks. Moreover, Courts have previously denied fees to Attorney Perez's paralegal for work identical to that billed in the instant case. *Munoz*, 2021 WL 1700405, at *2. Accordingly, I do not recommend that the award include fees incurred by Perez's paralegal.

In sum, it is my recommendation that Plaintiff recover a total of $2,310.00 for 6.60 hours at $350 per hour.

      **C.**    **Expert Fees and Costs**

In addition to attorney and paralegal fees, Plaintiff seeks to recover $442 in costs and a $2,787.50 "expert fee," for a total of $3,229.50 in costs and litigation expenses (ECF No.29-4 at 9). Plaintiff's expert, Pablo Baez, seeks reimbursement for services performed at a rate of $250 per hour (ECF No. 29-3).

A prevailing ADA plaintiff may recover expert fees as a litigation expense. *Hansen*, 420 F. Supp. 2d at 1353. Attached to Plaintiff's motion (ECF No. 29) is an affidavit prepared by Plaintiff's expert (ECF No. 29-4). Accompanying this affidavit is a resume and time sheet outlining the expert's services, including the research and inspection done in relation to the instant case (*Id.* at 9).

The Court finds that the affidavit and accompanied documentation prepared by the Plaintiff's expert to be necessary and related to the litigation. Accordingly, it is my

10

recommendation that Plaintiff may recover $2,162.50[3] in expert fees. *See Fuller v. Things Remembered*, Inc., No. 19-62034-Civ, 2020 WL 1316509 (S.D. Fla. Feb. 11, 2020) (Strauss, Mag. J.) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense"), *report and recommendations adopted*, 2020 WL 1316508 (S.D. Fla. March 19, 2020) (Gayles, J.).

Finally, I recommend that the Plaintiff may also recover his service of process fee in the amount of $40.00 and filing fee in the amount of $402.00.[4] *Baby Marathon*, LLC, 2020 WL 6731041, at *5.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff Carlos Brito's Motion for Attorneys' Fees and Costs (ECF No. 299) be **GRANTED in part**, in that Plaintiff should recover from Defendant Helados Del Tropico Corp. a total of $2,310.00 in attorney's fees, $2,162.50 in expert fees, and $442.00 in costs.

Pursuant to Local Magistrate Rule 4(b), written objections, if any, must be filed with the Honorable K. Michael Moore, United States District Judge, within fourteen days of the date of this Recommendation. Failure to file objections by then shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017).

---

[3] The expert's itemized bill reflects 2.5 hours for uploading and downloading photos, setting up folders to organize the photos, and resizing photos. *See* (ECF No. 29-4 at 9). The necessity of this clerical task is unexplained, as is the need for it to be performed by an expert billing at an hourly rate of $250. Because Plaintiff has failed to substantiate this time entry, I do not include it as a recoverable expense in my recommendation.

[4] The Court notes that Plaintiff incorrectly referred to the service of process fee as "$402.00" in its Motion (ECF No. 29). This fee is actually $40.00; however, Plaintiff factored in the correct fee amount into the final cost calculation.

**RESPECTFULLY SUBMITTED** in Chambers this 25th day of February, 2022.

                                                LAUREN F. LOUIS
                                              UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable K. Michael Moore
       Counsel of record